**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3075-17T4

DERRICK ROUNDTREE,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted January 16, 2019 – Decided February 14, 2019

Before Judges Koblitz, Currier, and Mayer.

On appeal from the New Jersey Department of Corrections.

Derrick Roundtree, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Stephanie R. Dugger, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Derrick Roundtree, a State inmate, appeals from the Department of Corrections (DOC) finding that he was guilty of prohibited act *.306, conduct which disrupts or interferes with the security or orderly running of the correctional facility, in violation of N.J.A.C. 10A:4-4.1(a). Because we conclude the hearing officer failed to articulate appropriate reasons for the imposed sanctions required under N.J.A.C. 10A:4-9.17(a), and Mejia v. New Jersey Department of Corrections, 446 N.J. Super. 369, 378-79 (App. Div. 2016), we remand to the DOC for reconsideration of the sanctions.

After a correction officer noticed Roundtree had covered the observation camera in his cell, he approached the cell and found Roundtree had also covered the door with a sheet. The officer removed the sheet and observed Roundtree standing on his toilet. When asked to step down from the toilet, Roundtree refused. As multiple officers arrived to the scene, Roundtree came down from the toilet and uncovered the camera.

Roundtree requested, and was granted, a counsel substitute for the disciplinary hearing. He declined the opportunity to present witnesses or cross-examine any adverse witnesses.

The hearing officer found Roundtree guilty of *.306 and imposed sanctions of 180 days of administrative segregation, 365 days of loss of

commutation time, thirty days loss of recreational privileges, thirty days loss of canteen privileges, and thirty days loss of television and radio. The hearing officer stated as reasons for the imposed sanctions that Roundtree "refused to calmly participate in the hearing. [Inmate] continues to violate policy and accrue charges. [Inmate] needs to follow rules for safety and security of others."

The DOC reviewed and affirmed the findings and sanctions. The assistant superintendent stated: "The decision of the Hearing Officer was based on substantial evidence and the sanction is proportionate in view of the offense. The facts were not misinterpreted. The plea for leniency is denied."

Our role in reviewing a prison disciplinary decision is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). In general, the decision must not be disturbed on appeal unless it was arbitrary, capricious, or unreasonable, or lacked the support of "substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980) (citation omitted).

We will not, however, "perfunctorily review and rubber stamp the agency's decision." Balagun v. N.J. Dep't of Corr., 361 N.J. Super. 199, 203 (App. Div. 2003) (citations omitted). "Instead, we insist that the agency disclose

its reasons for any decision, even those based upon expertise, so that a proper, searching, and careful review by this court may be undertaken." Ibid.

On appeal, Roundtree asserts there was no credible evidence to find him guilty of *.306, and he was deprived of his due process rights.[1] We discern no merit to these contentions.

A finding of guilt at a disciplinary hearing must be "based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). We are satisfied Roundtree was afforded all of his due process rights regarding the hearing as articulated in Avant v. Clifford, 67 N.J. 496, 525-33 (1975). The substantial evidence presented at the hearing sustained the finding of guilt on *.306.

Roundtree was deprived, however, of an articulation of the reasons for the imposed sanctions. Id. at 533. Although under "reasons for sanction," the hearing officer informed that Roundtree did not participate calmly in the hearing and continued to violate rules and policy, these statements do not provide reasons for the particular sanctions imposed.

A conviction under prohibited act *.306 results in a sanction of no less than ninety-one days and no more than 180 days of administrative segregation,

---

[1] Roundtree does not specify which of his due process rights were violated.

as well as one or more of the additional sanctions required under N.J.A.C. 10A:4-5.1(g). Roundtree was sanctioned to the maximum amount of 180 days of administrative segregation. The additional sanctions imposed of 365 days loss of commutation time and thirty days loss of several facility privileges were the maximum amount of time that could be imposed for each sanction.

A hearing officer must provide an inmate with individualized reasons for the specific actions imposed. Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 97-98 (App. Div. 2018); Mejia, 446 N.J. Super. at 378-79. It is not sufficient to merely impose a sanction within the maximum authorized limits. Instead, the hearing officer must articulate the factors considered in the imposition of sanctions, so we may perform our review of "whether a sanction is imposed for permissible reasons." Mejia, 446 N.J. Super. at 379; see also N.J.A.C. 10A:4-9.17(a) (providing factors to individualize particular sanctions).

We, therefore, remand for a reconsideration of the imposed sanctions. Appropriate reasons for the sanctions must be articulated using the factors listed in the administrative code.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3075-17T4